WESTINGHOUSE ELECTRIC & MFG. CO. v. ROLLER–SMITH CO.

(Circuit Court of Appeals, Second Circuit. February 10, 1914.)

No. 142.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—AUTOMATIC SWITCH BREAKER.
    The Wright and Alborg patent, No. 633,772, for an automatic switch breaker, held valid and infringed.

Appeal from the District Court of the United States for the Southern District of New York.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This cause comes here upon appeal from a decree of the District Court, Southern District of New York, dismissing the bill of complaint in a suit brought for infringement of patent. The patent is number 633,772, granted September 26, 1899, for an Automatic Switch Breaker to Wright and Alborg, assignors to complainant. Reversed and remanded, with instructions.

Kerr, Page, Cooper & Hayward, of New York City (Thomas B. Kerr and John C. Kerr, both of New York City, of counsel), for appellant.

Edwards, Sager & Wooster, of New York City (Clifton V. Edwards and Lawrence K. Sager, both of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. This patent has been several times before the courts and has been fully discussed in the several opinions filed from time to time. The first suit was brought against the Cutter Company; it was dismissed in the trial court, but upon appeal the patent was held valid and infringed by the Court of Appeals for the Third Circuit. 143 Fed. 966, 75 C. C. A. 152. A second suit against the same defendant to enjoin a modified form of its first device was also dismissed by the trial court but upon appeal the same Court of Appeals, despite a number of new defenses, again held the patent valid and infringed. 169 Fed. 634, 95 C. C. A. 162. In the Southern District of New York Judge Ray again held the patent valid and infringed by another defendant, the Condit Company. (C. C.) 159 Fed. 144, 154. His decision was affirmed by this court in an opinion which will be found in 167 Fed. 546, 93 C. C. A. 224. A modified form of the Condit device was also before the Circuit Court in the Southern District of New York and was held to be an infringement. 173 Fed. 82. In view of the elaborate discussions of this patent and of the art to which it relates, it would be a waste of time to thrash over old straw. It might be supposed that there would come a time in the history of a patent, when repeated decisions, all one way, would settle something about it, but however it may be in other circuits, our experience here seems to be the other way.

The record here as to validity is just the same as it was when the patent was first brought here with the exception of one solitary bit of prior art, referred to as the Helios patent. Since the Helios device required as an essential element a magnetic blow-off, which the Wright and Alborg patent dispenses with, we concur with Judge Mayer in the conclusion that it is of no importance whatever as bearing upon the questions raised here.

As has been seen various devices, gotten up to accomplish just what the patented device does and yet escape the claims of the patent, have been considered and disposed of in prior litigations. To us it seems that these decisions have settled some questions, and the present reargument of the same questions certainly does not induce to a reconsideration of those decisions. For example although the specifications show and the claims enumerate a toggle-joint, it is now settled that a

cam operating in a similar way to produce the same result is a fair equivalent of the toggle-joint. It is difficult for us to understand how defendant's expert persuades himself that the roller *14* on the part pivoted eccentrically at *15* of defendant's device is not substantially a cam. Revolving on its own central axis it, of course, reduces friction, but so far as its action on the roller *11* on the arm *7* is concerned it acts just as if it were a nonrevolving projection of the part pivoted at *15*, to wit—a cam.

Defendant has the locking and tripping devices, the tripping device susceptible of being moved by the operation of a magnetic field whenever an overload increases the power of the magnetic field. We think the District Judge gave too much importance to the circumstance that the lock could be broken by the operator moving the handle as well as by striking the tripper. This may be an improvement, of problematical value, but so long as it does not take the place of the tripper of the patent, brought into action by a magnetic field, potentialized by an overload, the device has all the elements of claim 2 (the only one relied on here) and is an infringement. Whether in actual experience the operator, assuming that he were standing by to watch for an overload, would when he observed it seize and move the handle or would strike the tripper with his hand or kick it with his foot is unimportant. The merit of these devices lies in the circumstance that they are automatic, will operate when the watchman is not present and, if he be present, will operate even quicker than he can. We can see no difference in operation when an overload comes over the circuit, and it is to provide for a sudden and unexpected overload that the whole mechanism is devised.

The two structures look unlike, but substantially they are the same. The laminated element, which was a double-ended bridge in Wright and Alborg's combination is cut in two, but it keeps its full contact with the lower stud and bus bar all the time and its laminated end contacts with a wiping motion, just as in Wright and Alborg's device; the progressive making and breaking of contacts, main and shunt, is also the same.

The decree is reversed with costs of this appeal and cause remanded with instructions to enter decree in favor of complainant as to claim 2.